**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| 3 STEP SPORTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARK CAMPION,<br><br>Defendant. | **CIVIL NO.: 25-cv-11603** |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY**

## Introduction

Plaintiff 3 Step Sports LLC ("3Step" or the "Company") respectfully moves this Court, pursuant to Fed. R. Civ. P. 26, for leave to conduct limited expedited discovery in advance of a forthcoming motion for preliminary injunctive relief.[1] As detailed in the Verified Complaint, incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c), Defendant Mark Campion ("Campion"), a former senior 3Step employee, violated the terms of a Proprietary Information and Invention Agreement between himself and 3Step, as well as his common law duties of loyalty and fair dealing as a 3Step employee, and tortiously interfered with 3Step's key business relationships in launching a competing youth volleyball business using misappropriated confidential information and goodwill developed during Campion's employment.

[1] Plaintiff expressly reserves all rights to seek additional discovery beyond the limited requests outlined herein, including full discovery pursuant to the Federal Rules of Civil Procedure.

Campion's actions have caused, and continue to cause, irreparable harm to 3Step. Given the urgency of these ongoing violations and the continuing damage to the Company, 3Step seeks narrowly-tailored, time-sensitive discovery to substantiate and support its request for preliminary injunctive relief and thereby prevent further irreparable harm to its business, including loss of client relationships, venue access, and proprietary strategic information.

**Facts**

3Step is the one of the largest youth sports club and event operators in the country, offering club programs, tournaments, and training services to athletes across nine sports. Its business depends on a robust portfolio of proprietary tools, vendor relationships, customer data, event planning logistics, and program strategies that 3Step protects as confidential trade secrets.

3Step produces thousands of events annually, including its high-profile Top Court Events volleyball tournaments. Campion joined 3Step in 2019 following its acquisition of his former employer, Competitive Edge Sports ECP, LLC and East Coast Power Volleyball, LLC. Over the next several years, Campion rose through the ranks to become Regional Vice President, West Region, and was ultimately placed in charge of the Top Court Events brand, which is a highly valuable brand family for 3Step, generating not only millions of dollars in revenue for 3Step but also enormous brand value in the volleyball tournament space.

In that role, Campion was entrusted with extensive proprietary and trade secret information: venue pricing, contract terms, customer and vendor relationships, brand strategies, revenue projections, and forward-looking business plans. As a condition of his employment, he executed a Proprietary Information and Invention Agreement (the "Confidentiality Agreement"),

which barred him from using or disclosing confidential information during or after his employment and required him to return company materials upon separation.

In early 2025, Campion requested to step back from his broader regional duties to focus solely on Top Court Events. Then, on April 2, 2025, he verbally informed 3Step of his intent to resign. Human Resources ("HR") directed him not to notify others until he had spoken with 3Step's CEO. Campion agreed—then violated that agreement by submitting a written resignation the very next morning. What followed was a pattern of sabotage.

Campion wiped his 3Step-issued laptop before returning it, an action taken in direct violation of the Confidentiality Agreement, company policy, and HR's explicit instructions. Soon after, 3Step discovered that on March 18, 2025, before even notifying the Company of his departure, Campion, along with other former 3Step employees, had already formed their own competing businesses, Vanguard Elite Volleyball Academy, LLC ("VEVA") and Center Court Events, LLC ("Center Court") (collectively the "Competing Entities"), in Pennsylvania.

In the days that followed, it became clear that Campion had not only misappropriated 3Step's confidential business information but had taken active steps to destabilize 3Step's operations. For example, 3Step discovered that Campion had failed to reserve any venues for the Top Court Events 2026 season, a task central to his job and critical to 3Step's event calendar. These failures could not have been accidental. The planning lead times required for such events make it clear that Campion's omissions were calculated and harmful.

As 3Step conducted internal diligence, it uncovered additional misconduct. Campion had failed to communicate his transition to key facility partners and attempted to solicit their business for his new venture. Two major facilities, both confused and frustrated, informed 3Step that they

had no idea Campion had left the company. Meanwhile, Campion was soliciting these same venues for the Competing Entities. One of 3Step's longstanding venue partners, who operates three premier facilities in Pennsylvania and Ohio, confirmed that Campion approached them for three prime 2026 dates immediately after leaving 3Step; the facility declined his request only after 3Step agreed to offer revenue guarantees that were never previously required. Likewise, the Philadelphia Expo Center informed 3Step that Campion had failed to place the customary hold for 3Step's annual Top Court President's Day Weekend tournament, putting an event with more than $100,000 in profit in expected profit at risk.

One of 3Step's longstanding operational partners, responsible for licensing and facility access for certain Top Court Events tournaments, issued a breach notice after being left in the dark about revenue reporting and payment. When 3Step's senior team contacted the partner's principal, they learned that Campion had not only failed to transition the partnership, but he had actively attempted to recruit the partner for his new business, despite being aware that they have a non-compete obligation with 3Step. This betrayal is especially damaging given that this partner controls access to nearly every facility in Pennsylvania where Top Court events are held, the same region where Campion has now established his competing venture. At the same time, a Florida partner advised that Campion's failure to deliver profit-and-loss statements left almost $100,000 unaccounted for. The partner now claims that 3Step owes it a significant amount of money in revenue share distributions, leading the partner to walk away from the partnership with 3Step for the 2026 Florida Power Series, placing nearly half a million dollars in gross profit in jeopardy.

By failing to transition those relationships and instead attempting to co-opt them, Campion placed 3Step's entire regional operation at risk. And based on recent internal reports,

Campion also solicited at least one senior 3Step employee, before his resignation was even complete, to join his competing effort or redirect other 3Step volleyball teams to his new venture's events.

Campion's actions were not isolated lapses. They were part of a deliberate scheme to harm 3Step, hijack its business relationships, and misappropriate its confidential information to benefit the Competing Entities. 3Step now seeks limited expedited discovery to confirm the full scope of this misconduct and move swiftly for injunctive relief to stop the damage before it becomes irreversible.

## Argument

### *A. Expedited Discovery is Permitted Where Good Cause Exists*

Federal Rule of Civil Procedure 26(d)(1) permits discovery before the Rule 26(f) conference with leave of court. Courts typically evaluate such motions under a reasonableness standard, weighing several factors, including: (1) the purpose of the discovery; (2) the ability of the discovery to prevent irreparable harm; (3) the plaintiff's likelihood of success on the merits; (4) the burden on the defendant; and (5) the degree of prematurity. KPM Analytics N. Am. v. Blue Sun Sci., LLC, 540 F. Supp. 3d 145, 146–47 (D. Mass. 2021); see also Momenta Pharms., Inc. v. Teva Pharms. Indus. Ltd., 765 F. Supp. 2d 87, 88–89 (D. Mass. 2011).

In KPM, the court granted limited expedited discovery to a plaintiff asserting trade secret theft and breach of contract, where the discovery sought would "provide a more fulsome record to consider the preliminary injunction and … enable the Court to design an equitable remedy that will prevent irreparable harm while the case is litigated." KPM, 540 F. Supp.3d at 146. Courts have likewise granted expedited discovery when a plaintiff intends to seek, but has not yet filed,

a preliminary-injunction motion and would be unfairly prejudiced without prompt discovery. OMG Fidelity, Inc. v. Sirius Techs., Inc., 239 F.R.D. 300, 305 (N.D.N.Y.2006).

*B. The Discovery Sought Is Targeted and Directly Relevant to 3Step's Injunctive Relief*

The same logic applies with even greater force here. Campion's calculated sabotage—wiping his laptop, failing to reserve key venues, soliciting partners and employees, and launching the Competing Entities using misappropriated trade secrets—poses an ongoing and immediate threat to 3Step's operations. The scope and precision of his actions reveal that this was not a passive departure, but a deliberate campaign to cripple 3Step's Top Court Events brand and co-opt 3Step's market position. Without prompt discovery, 3Step cannot fully determine the reach of Campion's misconduct or the extent to which proprietary information and relationships have already been diverted.

Therefore, 3Step respectfully seeks leave, within twenty-one days of the Court's order, to take three focused three-hour depositions of the following individuals: (a) Campion, and (b) 30(b)(6) designees of Vanguard Elite Volleyball Academy, LLC and Center Court Events, LLC, the entities that Campion helped to form while employed at 3Step.[2] At this time, 3Step asks for no document production, forensic imaging, or broad electronic searches, and confines discovery to this short window so the parties can assemble a concise record for the forthcoming preliminary injunction motion. This narrowly tailored, proportional discovery will enable the Court to promptly and accurately assess the necessity and scope of injunctive relief on a complete and well-supported record.

[2] 3Step reserves its right under Fed. R. Civ. P. 30(d)(1) to conduct full seven (7) hour depositions at a later stage in the litigation.

## **Conclusion**

WHEREFORE, 3 Step Sports LLC respectfully requests that the Court grant 3Step's motion and enter an order allowing 3Step to take the depositions of Mark Campion, and 30(b)(6) designees of Vanguard Elite Volleyball Academy, LLC and Center Court Events, LLC, within twenty-one (21) days of this Court's order.

Respectfully submitted,

3 STEP SPORTS LLC,

By their attorneys,

*/s/ Marc C. Laredo*

Marc C. Laredo (BBO #543973)
Brendan S. Cox (BBO #669482)
Darshana Indira (BBO # 694109)
William G. Cosmas, Jr. (BBO #670631)
**LAREDO, SMITH & KANE LLP**
101 Federal Street, Suite 650
Boston, MA 02110
(617) 443-1100
*laredo@laredosmith.com*
*cox@laredosmith.com*
*indira@laredosmith.com*
*cosmas@laredosmith.com*

Dated: June 3, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those non-registered participants (if any) on June 3, 2025.

*/s/ Marc C. Laredo*
*Marc C. Laredo*