UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| 3 STEP SPORTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 25-cv-11603-RGS |
| v. | ) | |
| | ) | |
| MARK CAMPION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

**INTRODUCTION**

In this action, Plaintiff, a large corporation with operations nationwide, essentially seeks to enjoin its former employee, Campion, a 32-year-old Pennsylvania resident, from competing against it and/or from soliciting Plaintiff's business partners to do business with Campion's new venture. But Plaintiff has a problem. It had no non-compete or non-solicit agreement with Campion and, therefore, no basis upon which to restrain Campion. In light of this glaring problem, Plaintiff has instead concocted a theory that Campion has wrongfully competed and sought to do business with Plaintiff's business partners by misappropriating Plaintiff's "trade secrets" in violation of a confidentiality agreement to that Campion signed.

Plaintiff's claims in this regard are wholly without merit—as evidenced by the fact that Plaintiff cannot identify a single "trade secret" or piece of "proprietary information" that Campion has allegedly used to wrongfully compete. Indeed, the identity of Plaintiff's business partners – i.e., the venues that host its volleyball tournaments and the teams and leagues and that participate in those tournaments – is public information by definition and is actively promoted publicly by Plaintiff. Put simply: it is no secret where Plaintiff's annual volleyball tournaments are held or

which teams participate in those tournaments. To the extent Campion has used this public information to compete with Plaintiff, such competition is fair and legal.

This suit is nothing more than an effort to saddle Campion with litigation expense, interfere with his new business, distract him from his new company, and—as is particularly relevant to this motion—obtain competitive information through discovery that Plaintiff can use to compete unfairly against Campion.

Plaintiff's motion for expedited discovery fails for numerous reasons. By default, discovery may not be had before the Rule 26(f) conference. See Fed. R. Civ. P. 26(f). The narrow exception to this rule is for exceptional circumstances where a party demonstrates good cause for expedited discovery. In this context, that would require a showing that certain narrowly tailored discovery is necessary to prevent irreparable harm through the allowance of a motion for preliminary injunction that is pending before the court and likely to be succeed.

Plaintiff's request is untimely because it has not yet even filed a motion for preliminary injunction. Moreover, Plaintiff has not articulated the matters on which it seeks discovery, why such discovery is necessary or likely to prevent irreparable harm, or why a motion for preliminary injunction is likely to succeed. Indeed, Plaintiff has not even attempted to make the showings required for expedited discovery. A cursory review of the Complaint reveals that, in fact, it has no basis for a motion for preliminary injunction and no grounds for expedited discovery in connection therewith. For the reasons set forth below, Plaintiff's motion should be denied.

## FACTS

Campion began working in youth sports as an intern in Pennsylvania when he was 19 years old. After graduating college, he joined East Coast Power Volleyball, LLC, which was eventually sold to Plaintiff in 2019. At that point, when he was 27 years old, Plaintiff had him sign a

"Proprietary Information and Invention Agreement" (the "Confidentiality Agreement"). The Confidentiality Agreement required Campion to maintain the confidentiality of Plaintiff's proprietary business information and inventions. He was not asked to sign a non-compete or non-solicit agreement.

Plaintiff's business is fairly basic. It manages youth sports clubs and hosts youth sports tournaments nationwide in a number of different sports. It has relationships with venues at which it hosts tournaments and partnerships with sports leagues that it steers to its tournaments. None of these tournaments or the leagues/clubs that Plaintiff has relationships with are secret or clandestine. Plaintiff widely publicizes and promotes these tournaments and its relationships with clubs, vendors and venues—indeed, it promotes and lists them publicly on its website.

In April 2025, Campion and several other employees left Plaintiff to start a competing business in Pennsylvania. Plaintiff's motion fails to disclose that Plaintiff sued Campion's other business partners in Pennsylvania and moved for expedited discovery in that case as well, which motion was denied by the District Court in the Eastern District of Pennsylvania. <u>See</u> <u>3 Step Sports LLC v. Vanguard Elite Volleyball Academy, LLC</u>, C.A. No. 2:25-cv-02853 (E.D.P.A.). Based on the same basic facts and circumstances, Plaintiff sued Campion separately here in Massachusetts – where Campion has no ties or connections—and moved for expedited discovery here as well. There are no legitimate grounds for Plaintiff to have sued Campion separately in this jurisdiction, other than to cause him (and his partners) additional, unnecessary expense and distraction.

Plaintiff alleges that Campion and his new companies have been negotiating and/or contracting with some of the same venues with which Plaintiff does business. The Complaint baldly asserts that Campion is misappropriating Plaintiff's "trade secrets" in doing so, though it does not identify a single one or explain how Campion is allegedly using such trade secrets.

After receiving Plaintiff's Motion, counsel for Campion requested that Plaintiff identify in detail the purported trade secrets that Campion allegedly misappropriated, as required by G. L. c. 93, § 42D, which provides: "*before commencing discovery relating to an alleged trade secret*, the party alleging misappropriation *shall* identify the trade secret with sufficient particularity under the circumstances of the case…" Id. Plaintiff refused. See Correspondence between counsel attached as Exhibit A.

## ARGUMENT

### 1. Standard of Allowing Expedited Discovery.

The Court in Laughlin v. Orthofix Int'l, N.V., 293 F.R.D. 40 (D. Mass. 2013) comprehensively described when expedited discovery is appropriate:

> Courts evaluating motions for expedited discovery pursuant to Rule 26(d)(1) have applied two standards to analyze whether good cause exists: (1) a four-part inquiry that is similar to a preliminary injunction standard, see Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y.1982); and (2) a "reasonableness" standard that assesses the reasonableness of the request in light of all the circumstances. See Momenta Phama., Inc. v. Teva Phama. Indus., Ltd., 765 F. Supp. 2d 87, 88–89 (D.Mass.2011) (citing cases). The First Circuit has not addressed the proper standard…
>
> Under the preliminary injunction test, the court analyzes whether the party seeking discovery has shown: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the requested discovery and the avoidance of irreparable harm; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury the party would suffer if expedited discovery were available. See Edgenet, Inc. v. Home Depot USA, Inc., 259 F.R.D. 385, 386 (E.D.Wis.2009). Under the "reasonableness" test, the factors courts consider include: the purpose for the discovery; the need for the discovery to prevent irreparable harm; the plaintiff's likelihood of success on the merits; the burden of discovery on the defendant; and the degree of prematurity. Momenta, 765 F. Supp. 2d at 89 (quoting McMann, 460 F. Supp. 2d at 265).

Id. at 41–42

The gravamen of both tests is whether Plaintiff has established that there is an "urgent and compelling need" for specific limited discovery that is necessary to prevent imminent irreparable harm. Id.; see also Momenta, *supra*, at 90. In this context, in order to make such a showing, Plaintiff

bears the burden of demonstrating that the specific discovery it seeks is likely to lead to the issuance of a preliminary injunction that will prevent such irreparable harm. Id. at 89–90 ("the Court looks at whether the proposed discovery is necessary to ward off irreparable injury."). Plaintiff cannot meet any of the elements, under either test, necessary for expedited discovery.

**2. Plaintiff Has Not Sought a Preliminary Injunction to Prevent Any Alleged Irreparable Harm.**

Plaintiff has completely failed to argue, much less establish, the bases upon which it would be entitled to a preliminary injunction. Plaintiff's burden is to establish that it is likely to succeed on a motion for preliminary injunction but that it needs limited and targeted additional discovery to solidify and augment the record before the Court. See KPM Analytics N. Am. v. Blue Sun Sci., LLC, 540 F. Supp. 3d 145, 146 (D. Mass. 2021) ("KPM has demonstrated a reasonable likelihood of success on the merits of its preliminary injunction action, and I find that expedited discovery would provide a more fulsome record to consider the preliminary injunction and—should KPM prevail and obtain a preliminary injunction—enable the Court to design an equitable remedy that will prevent irreparable harm while the case is litigated").

Expedited discovery is not a vehicle for Plaintiff to obtain information to assess whether it *might* have a valid basis to seek a preliminary injunction or for general discovery purposes. If that were the case, nearly every plaintiff would be entitled to expedited discovery. In this regard, "[t]he majority of courts have held … that the fact that there was no pending preliminary injunction motion weighed against allowing plaintiff's motion for expedited discovery." Momenta at 89–90; Dimension Data N. Am., Inc. v. NetStar–1, Inc., 226 F.R.D. 528, 531–32 (E.D.N.C.2005) ("Plaintiff's motion for expedited discovery is not reasonably timed, where, as here, plaintiff has not yet filed a temporary restraining order or a motion for preliminary injunction, setting out in detail the areas in which discovery is necessary in advance of a determination of preliminary

injunctive relief."). Here, Plaintiff's failure to first file the motion for preliminary injunction or argue why such an impending motion would be successful, let alone what additional discovery is necessary to aid the Court's consideration of the issue, is fatal to its request for expedited discovery. See Id.[1]

Moreover, Plaintiff's stated reason for seeking expedited discovery is not pertinent to a potential motion for preliminary injunction. Specifically, Plaintiff states in its motion that "[w]ithout prompt discovery, 3Step cannot fully determine the reach of Campion's misconduct or the extent to which proprietary information and relationships *have already been diverted*." Motion, p. 6 (emphasis added). Such discovery may be pertinent to Plaintiff's alleged damages or injuries it might have already sustained, but is neither necessary nor relevant to a request for an injunction which, by definition, seeks to prevent irreparable *future* injuries.

**3. Plaintiff Cannot Establish a Likelihood of Success on a Motion for Preliminary Injunction.**

Not only has Plaintiff failed to establish a basis to request preliminary injunctive relief, but a cursory review of the Complaint establishes that any such motion is likely to fail on the merits. The Complaint, on its face, fails to establish that Campion took Plaintiff's "proprietary information" or "trade secrets." It is well-established that Massachusetts law requires trade secrets to be identified with specificity by a plaintiff *before* discovery may be had, expressly stating:

> In an action under sections 42 to 42G, inclusive, in alleging trade secrets misappropriation a party must state with reasonable particularity the circumstances thereof, including the nature of the trade secrets and the basis for their protection. *Before commencing discovery relating to an alleged trade secret*, the party alleging misappropriation *shall identify the trade secret with sufficient particularity* under the circumstances of the case to allow the

[1] Plaintiff's motion for expedited discovery in the Pennsylvania action was denied for precisely this reason (among others). See 2:25-cv-02853 (E.D.P.A. Kearney, J. June 9, 2025) (Order Denying Motion to Expedite without prejudice to refiling "and detailing the issues warranting equitable relief by moving for equitable relief compliant with our Policies so as to frame the issues which may then result in an expedited scheduling").

> court to determine the appropriate parameters of discovery and to enable reasonably other parties to prepare their defense.

G.L. c. 93A, s. 42D(b) (emphasis added). Failure to do so is fatal to a misappropriation claim and a motion for preliminary injunction: "A plaintiff has no cognizable trade secret claim until it has adequately identified the specific trade secrets that are at issue." Tr. Safe Pay, LLC v. Dynamic Diet, LLC, No. CV 17-10166-MPK, 2017 WL 3974949, at *10 (D. Mass. Sept. 8, 2017) (quoting Sutra, Inc. at *9). "The burden is on the party claiming trade secret status to identify the specific trade secrets at issue 'with clarity that can be understood by a lay person and distinguish what is protectable from that which is not.'" EMC Corp. v. Pure Storage, Inc., No. CV 13-12789-JGD, 2016 WL 7826662, at *5 (D. Mass. Aug. 19, 2016) (quoting Sutra, Inc. v. Iceland Express, EHF, No. 04-11360-DPW, 2008 WL 2705580, at *4 (D. Mass. July 10, 2008)).

While the Complaint certainly asserts repeatedly that Campion misappropriated confidential business information, it does not identify *any* specific information that Campion took that would constitute a trade secret as a matter of law. "Blanket assertions that particular information constitutes a trade secret, in the absence of supporting factual allegations, do not suffice to show a likelihood of success on a misappropriation claim." 178 Lowell St. Operating Co., LLC v. Nichols, 152 F. Supp. 3d 47, 57 (D. Mass. 2016). In light of this, Campion specifically requested that Plaintiff comply with Section 42D, but Plaintiff refused.

Plaintiff's evasiveness in this regard is telling: there are no trade secrets or proprietary information that have been used or disclosed. At most, the Complaint alleges that Campion sought to do business with venues or teams with whom Plaintiff had relationships, but the identities of those companies certainly are not confidential or proprietary – they are widely and intentionally publicized by the Plaintiff. It is fundamental that to be protectable as a trade secret, business

information must be secret and the Plaintiff fails to specify any secret information that Campion allegedly stole or improperly utilized. J.T. Healy & Son, Inc. v. James A. Murphy & Son, Inc., 357 Mass. 728, 736 (1970) ("Matters of public knowledge or of general knowledge in an industry cannot be appropriated by one as his secret."). Where the Plaintiff has failed to make such a showing, it cannot establish a reasonable likelihood of success on the merits or that it is likely to suffer irreparable harm that might justify expedited discovery.

**4. Plaintiff Has Not Identified the Topics on Which it Seeks Discovery.**

At the most basic level, Plaintiff's motion is also deficient because it fails to identify the issues and topics on which it seeks discovery. Fed. R. Civ. P. 26(b)(1) specifically provides that "the court may order discovery of any matter relevant to the subject matter involved in the action." Fundamental to any motion for expedited discovery, then, the Plaintiff must first identify the matters on which it is seeking discovery. Moreover, "the requested discovery should be narrowly tailored to address the immediate issues and asserted irreparable harm." Jimenez v. Nielsen, 326 F.R.D. 357, 361 (D. Mass. 2018). Here, Plaintiff does not identify *any* issues on which it seeks discovery, let alone narrowly tailored discovery that is designed to "preclude demonstrated irreparable harm" and therefore would be relevant to a motion for preliminary injunction. Momenta, at 90; see also KPM Analytics, at 146 (noting that the scope of discovery requested by Plaintiff was overbroad and narrowing it); Dimension Data, at 531–32 (E.D.N.C. 2005) (denying expedited discovery where the "expedited discovery request could be more narrowly tailored to focus on information believed to be probative to the preliminary injunction analysis.").

Instead, Plaintiff asks for 9 hours to depose Campion and his entities on whatever issues it wants—regardless of whether they are probative of the issues on a motion for preliminary injunction. Plaintiff's failure to identify any specific issues on which it needs discovery and how

those issues related to the grounds for a preliminary injunction requires that its motion be dismissed.

**5. Plaintiff Cannot Establish Irreparable Harm if Expedited Discovery is Not Awarded.**

Plaintiff has also failed to show how a delay in discovery is likely to cause it irreparable harm. It has not identified any information that Campion had access to or allegedly took that would cause Plaintiff irreparable harm in the absence of an injunction. Likewise, it has not identified the specific irreparable harm it believes it will suffer. As a result, it cannot establish any nexus between expedited discovery and averting the allegedly irreparable harm. Simply alleging irreparable harm, without making a specific factual showing of what harm is likely to occur, does not suffice. Momenta, 765 F. Supp. 2d at 89–90. Moreover, the harm that the complaint alleges – lost business revenue – is not "irreparable harm" because it can be compensated through money damages—especially where the Complaint fails to establish a likelihood of success on a misappropriation claim. Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc., No. CV 18-40207-MGM, 2019 WL 13251080, at *5 (D. Mass. Apr. 23, 2019).

**6. Any Expedited Discovery Should Not Proceed Without Appropriate Protective Orders in Place And Should Be Reciprocal.**

In light of the competitive posture between the parties, Campion intends to seek a protective order to protect competitive business information from disclosure to Plaintiff, including as appropriate Attorneys-Eyes Only designations for certain competitive information. Of course, these issues will be discussed and negotiated between the parties in a Rule 26 conference and discussed with the Court thereafter. However, Plaintiff's request to gain access to Campion's confidential and competitive business information should be denied without an appropriate protective order in place.

Furthermore, to the extent the Court permits Plaintiff to take expedited discovery, Campion requests leave to take a corresponding number of depositions on the issues the Court deems appropriate for expedited discovery, so that a balanced and more fulsome record can be developed in connection with whatever motion Plaintiff intends to file.

**WHEREFORE**, Defendant Mark Campion respectfully requests that Plaintiff's Motion for Expedited Discovery be Denied.

MARK CAMPION

By His Attorneys,

*/s/ Joshua A. Lewin*

Louis M. Ciavarra (BBO #546481)
Joshua A. Lewin (BBO #658299)
Prince Lobel Tye LLP
One International Place, Suite 3700
Boston, MA 02110
Telephone: 617-456-8113
Email: lciavarra@princelobel.com
jlewin@princelobel.com

Date: June 12, 2025

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to these non-registered participants (if any) on June 12, 2025.

*/s/ Joshua A. Lewin*

# EXHIBIT A

PRINCE LOBEL

Louis M. Ciavarra
Direct Telephone: 508-318-1739
Email: lciavarra@princelobel.com

June 10, 2025

*Via Email laredo@laredosmith.com*

Mark C. Laredo, Esquire
Laredo, Smith & Kane LLP
101 Federal Street, Suite 650
Boston, MA 02110

Re: 3 Step Sports LLC v. Mark Campion – United States District Court for the District of Massachusetts – Civil Action No. 25-cv-11603

Dear Attorney Laredo:

As you know, this firm represents Mark Campion, the defendant in the above referenced action. In the complaint that's been filed by your office you include allegations concerning the theft of trade secrets. In particular you claim that my client violated the Massachusetts Uniform Trade Secrets Act, General Law Chapter 93 Section 42D. You have also filed a motion for expedited discovery.

As you know, the MUTSA requires the plaintiff to disclose, with particularity, any and all trade secrets you claim the defendant misappropriated. This disclosure is required prior to any discovery. Please provide a detailed disclosure of all the alleged trade secrets, with particularity, pursuant to the statute. Upon receiving this information, I will be pleased to engage in discussion about a reasonable discovery schedule. In the meantime, we oppose your motion to avoid your obligations.

Very truly yours,

Lou Ciavarra

Louis M. Ciavarra



#5598242v1

## Patricia Brisbon

**From:** Marc Laredo <laredo@laredosmith.com>
**Sent:** Tuesday, June 10, 2025 1:37 PM
**To:** Louis Ciavarra; Will Cosmas
**Cc:** Joshua Lewin
**Subject:** RE: 3 Step v Campion

Lou,

We are not going to delay our motion for expedited discovery for at least the following reasons:

- The complaint sets forth the trade secrets at issue in appropriate detail.
- The complaint has multiple other counts, none of which have chapter 93, section 42D's prerequisite.
- The purpose of the expedited discovery is for the motion for a preliminary injunction that we intend to file.

You, of course, can address any objections to our motion for expedited discovery to the court.

Marc

---

**From:** Louis Ciavarra <lciavarra@princelobel.com>
**Sent:** Tuesday, June 10, 2025 12:43 PM
**To:** Marc Laredo <laredo@laredosmith.com>; Will Cosmas <cosmas@laredosmith.com>
**Cc:** Joshua Lewin <jlewin@princelobel.com>
**Subject:** 3 Step v Campion

I filed my appearance earlier. Regarding your motion for expedited discovery, please see the attached letter. I am available to discuss a reasonable schedule later today, I have a PI hearing at 200, or tomorrow am. Let me know what works.

**Louis Ciavarra**
Partner

Prince Lobel Tye LLP
One Mercantile Street, Suite 220
Worcester, Massachusetts 01608

508 320 8642 Mobile
508 318 1739 Direct
lciavarra@princelobel.com

---

This email is intended for the confidential use of the addressees only. Because the information is subject to the attorney-client privilege and may be attorney work product, you should not file copies of this email with publicly accessible records. If you are not an addressee on this email or an addressee's authorized agent, you have received this email in error; please notify us immediately at 617 456 8000 and do not further review, disseminate or copy this email. Thank you.

-----------------------------

IRS Circular 230 Disclosure: Any federal tax advice or information included in this message or any attachment is not intended to be, and may not be, used to avoid tax penalties or to promote, market, or recommend any transaction, matter, entity, or investment plan discussed herein. Prince Lobel Tye LLP does not otherwise by this disclaimer limit you from disclosing the tax structure of any transaction addressed herein.